## GUY v AZAR

Ohio Appeals, 9th Dist, Summit Co

No 2074. Decided July 3, 1933

O. H. Corvington, Akron, for plaintiff in error.

Jesse P. Dice, Akron, and Robert Azar, Akron, for defendant in error.

By STEVENS, J.

This cause comes into this court upon error proceedings from the Court of Common Pleas, the parties standing here in the same relation as in the court below.

Plaintiff filed his petition to recover certain claimed specific personal property, or in the alternative damages for defendant's failure to deliver said property; the said property consisting of a house which plaintiff claims he purchased for the purpose of wrecking.

With that ruling, this court cannot agree.

In the case of **Long v White, 42 Oh St 59, at page 61,** the Supreme Court said:

"In applying the statute of frauds, buildings are not classed with forest trees, but with growing crops, nursery trees, and fixtures attached to realty.

"And buildings are realty or personalty, according to the intention of the parties. And when the parties in interest agree that they may be severed and moved from the realty, buildings are held and treated as personalty."

See also, 25 R.C.L., "Statute of Frauds," page 538, §128.

We hold that the contract pleaded in plaintiff's petition is not such a contract as must be evidenced by some instrument in writing signed by the party to be charged, and accordingly that the trial court erred in sustaining defendant's objection.

Said judgment is therefore reversed, and said cause remanded for further proceedings in conformity to law.

POLLOCK, J (7th Dist, sitting by designation in place of WASHBURN, PJ), and FUNK, J, concur in judgment.